UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| LYNN A. LEAVITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social Security<br>Administration,<br>　　　　Defendant. | ) ED CV 04-1596-SH<br>)<br>) MEMORANDUM DECISION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I. PROCEEDINGS

Plaintiff filed an Application for Supplemental Security Income (SSI) benefits on August 9, 2001, which Application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held on May 4, 2004. Following receipt of a Decision denying benefits, plaintiff sought review to Appeals Council. The Appeals Council declined review on November 15, 2004. This action followed. The parties filed a Joint Stipulation, and have consented to the jurisdiction

of the magistrate judge. For the reasons shown below, the Commissioner's decision denying benefits is affirmed.

## II. DISCUSSION

The sole issue in this case is whether, absent drug and alcohol abuse, plaintiff was disabled.[1] Pursuant to 20 C.F.R. § 416.935(d)(1), the key factor in determining disability is whether plaintiff would have been found disabled if he were to stop using drugs or alcohol. This is because an award of benefits is precluded to claimants when disability is based in a whole or in part on substance abuse. However, simply because substance abuse contributes to a disability does not mean that when the substance abuse ends, the disability automatically will also end. Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir. 1998). Therefore, the key issue in determining whether the plaintiff was disabled despite his substance abuse (and thereby entitled to benefits) was whether plaintiff would still be found disabled if he stopped using drugs or alcohol.

Here, the ALJ's decision of non-disability was primarily based on the opinion of Dr. Abejuela, a board certified psychiatrist, who examined plaintiff in October 2001. (A.R. 184-90).[2] Significantly, plaintiff told Dr. Abejuela he was not abusing drugs or alcohol at the time of the examination. (A.R. 188). The mental status examination that day showed that plaintiff was mildly depressed and anxious. Dr.

---

[1] Plaintiff alleged disability on the grounds of both a lumbar condition and emotional problems. However, notably plaintiff does not challenge the ALJ's conclusion plaintiff could perform medium exertional (light) work. Plaintiff only challenges the ALJ's conclusion that plaintiff's depression and anxiety were "no more than slight" without consideration of drug and alcohol abuse. Since the court finds that the ALJ's findings regarding anxiety and depression were based on substantial evidence, it follows that plaintiff can perform a range of light exertional work.

[2] "A.R." refers to Administrative Record.

2

Abejuela also observed that plaintiff's attention span and concentration were mildly impaired. Dr. Abejuela concluded that although plaintiff had a history of alcohol induced psychosis, mood disorder and anxiety, the level of his psychiatric impairment was not severe. (A.R. 188). He concluded that as long as plaintiff was not under the influence of alcohol or drugs, plaintiff was able to follow both simple and complex job instructions. On this basis, the ALJ concluded that plaintiff would not be disabled if he stopped substance abuse.

Plaintiff make three claims of error, all related to the correctness of the ALJ's Decision (which was based upon the opinion of Dr. Abejuela.) First, plaintiff asserts that the ALJ failed to consider the opinions presented by plaintiff's treating psychiatrists. This argument is without merit. A review of plaintiff's treating doctors' records indicate that the opinions were all given at times when plaintiff was abusing drugs and/or alcohol.

For example, when a psychiatrist assigned a GAF of 45 on October 6, 2000, plaintiff had been consuming four to six quarts of beer a day, and smoking marijuana almost everyday. (A.R. 150-51). Plaintiff was offered Antabuse, along with inpatient rehabilitation, which he refused. (A.R. 149-151). Similarly, plaintiff was assigned a GAF of 45 on August 1, 2002. Plaintiff admitted he had consumed two quarts of beer, and tested positive for marijuana and opiates in 2001. (A.R. 303, 307-08). Likewise, when plaintiff's treating psychiatrist assigned a GAF of 45 on February 2, 2002, plaintiff had physically attacked a staff member in the emergency room while he was drunk. (A.R. 276-77). Substance abuse incidents continued later in 2002. (A.R. 232, 210, 226-28).

Thus, as defendant notes, the GAF scores emphasized by plaintiff were assessed by his doctors at times when he relapsed into substance abuse. The record shows that when plaintiff was abusing drugs and/or alcohol, his GAF scores plummeted,

reflecting a deterioration in all three areas of his functioning, namely psychological, social and occupational. The GAF scores in the record were not reflective of plaintiff's mental functioning absent his substance abuse, and the ALJ's failure to discuss the GAF scores was not fatal to the decision of non-disability. Howard v. Commissioner, 275 F.3d 235, 241 (6th Cir. 2002).

Plaintiff's second contention is that the ALJ failed to consider plaintiff's depression as a "severe" impairment. The ALJ found that plaintiff's depression and anxiety were no more than slight in degree without consideration of his drug and alcohol abuse.

As defendant notes, this finding was consistent with several medical opinions in the record. For example, one of plaintiff's treating psychiatrists diagnosed alcohol and anxiety disorder, along with alcohol and marijuana dependence. (A.R. 151). Dr. Abejuela, who as noted above, examined plaintiff while he was not abusing alcohol or drugs, found a history of alcohol and drugs as well as alcohol-induced psychosis and alcohol-induced mood disorder anxiety, which he deemed non-severe. (A.R. 187-89).

Although plaintiff was diagnosed with depression during his relapse, it was Dr. Abejuela's opinion that the depression and anxiety were alcohol induced. Although plaintiff did have a history of treatment for depression (A.R. 241-245, 276, 301-02), the ALJ's interpretation of the evidence (primarily the ALJ's reliance on the opinion of Dr. Abejuela that plaintiff's depression and anxiety was no more than slight in degree without consideration of his substance abuse) (A.R. 20) was reasonable.

Finally, in a related claim of error, plaintiff asserts that the ALJ failed to pose a complete hypothetical question to the Vocational Expert. Plaintiff asserts that the ALJ failed to incorporate non-exertional limitations resulting from the treating psychiatrists' GAF assessments. Plaintiff argues that failing to include any GAF score

4

limitations, as well as depression and anxiety, into the hypothetical question was legal error. Defendant, however, correctly argues that the ALJ properly found that without consideration of plaintiff's substance abuse, his depression and anxiety were non-severe, rendering the absence of discussion of the GAF scores non-material.

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff's Complaint is dismissed.

DATED: January 20, 2006

                                              /s/
                          STEPHEN J. HILLMAN
                    UNITED STATES MAGISTRATE JUDGE